■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROOSEVELT JACOBS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered July 1, 1963 on his plea of guilty, convicting him of robbery in the first degree and imposing sentence upon him as a second felony offender. Judgment reversed on the law and the facts; motion to withdraw plea of guilty granted; and new trial ordered as to said defendant. Defendant's sole contention is that the trial court abused its discretion in denying his motion to withdraw his plea of guilty. The proof shows that when the defendant pleaded guilty he had been fully informed by the trial court of the consequences of his being adjudged a second felony offender if the record should later establish that he had previously been convicted of a felony. However, the record also discloses: (1) that at the time the defendant pleaded guilty neither he nor his counsel was aware that his prior conviction by a United States Navy court martial would constitute a prior felony conviction; and (2) that defendant's guilty plea was due to such ignorance and misunderstanding. Under the circumstances, we believe that his motion to withdraw his plea, made before sentence, should have been granted by the trial court in the provident exercise of its discretion. Christ, Acting P. J., Brennan, Hill, Hopkins and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALBERT PATTERSON, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, entered November 14, 1964, which denied after a hearing his application to vacate a judgment of the former County Court, Kings County, rendered June 14, 1939 on his plea of guilty, convicting him of robbery in the first degree, and imposing sentence. Order reversed on the law and the facts; application granted; and judgment of June 14, 1939 vacated. On this record, we believe defendant has clearly sustained his burden of establishing his contention that, when he pleaded guilty in 1939, he neither had counsel nor was advised of his right to counsel. Christ, Acting P. J., Brennan, Hill, Hopkins and Benjamin, JJ., concur.